PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. RAMÓN CACHO, Defendant and Appellant.

No. 5163.   Argued December 13, 1933.—Decided February 14, 1934.

R. Rivera Zayas for appellant.   R. A. Gómez, Fiscal, for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Ramón Cacho was charged with, and convicted of, selling roasted and ground coffee adulterated with burnt sugar.

In the appeal from the judgment sentencing him to pay a fine, he alleges as an only ground in support of his appeal that it was error to convict him without evidence of his guilt, as it did not appear that he performed any act in connection with the facts alleged in the information, and because, on the assumption that such facts occurred, they were done by a mercantile partnership and it was not proved that the appellant was its only manager or the real author of the acts.

From the evidence it does not appear that the appellant personally sold the coffee giving rise to the charge in the instant case. What appears therefrom is that the appellant has a grocery store and roasts and grinds coffee for sale; that he keeps delivery trucks to carry coffee to the stores which buy it, and to which it is sold by his employees; and that one of these sold the coffee seized, which was delivered in a paper bag bearing the name of *R. Cacho & Co.*, of which the appellant is the manager.

The only evidence in regard to the existence of such business partnership was what the witnesses stated, but it did not appear from their statements that the appellant had another managing partner. The fact that a person trades under a partnership name is not conclusive proof that such partnership exists, since the Code of Commerce provides in its section 119 that every commercial company should set forth its constitution in a public instrument which shall be recorded in the Mercantile Registry. It may occur, and it has occurred, that a person does business under a firm name without having a partnership with another person. Consequently, it was not proved sufficiently that the coffee was roasted and ground by a partnership. But, even admitting that such partnership existed, the charge was proper against Ramón Cacho, even though he had a partner, as we have declared in the case of *People* v. *Barquet et al.,* 19 P.R.R. 753, in which Narciso Barquet and Juan Barquet, who had a business partnership with other persons, were charged

individually with a sale by a clerk of the firm; and we confirmed the judgment of conviction rendered against both of them, saying, among other things, that an information can.not be brought against a partnership under its firm name but against its members individually, and that they are answerable for the acts of the partnership agents or servants provided that said acts are done in the course of their employment as such agents or servants. The fact that the accused herein, or the business partnership of which he says he is the manager, kept delivery trucks for the distribution and sale of coffee by his employees was a direct authorization of such sales, which are punishable criminally when such sales violate any penal statute, as, in the instant case, Act No. 24 of 1928 (Session Laws, p. 168) was violated, which act prohibits the selling of adulterated coffee. 16 C.J. 123, paragraph 106; *People* v. *Green,* 22 Cal. A. 51; *Hipp* v. *State,* 5 Blackford, 149, 33 Am. Dec. 463.

The judgment appealed from must be affirmed.